# EXHIBIT A

Electronically Filed
10/8/2021 2:13 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Tel: (702) 862-8200
Fax: (702) 862-8204
david@hennessandhaight.com
*Attorneys for Plaintiff*

CASE NO: A-21-842396-C
Department 14

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| VANESSA JUANITA SALAS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>POSTMATES, LLC; TIMOTHY ALLEN VANDYKE; JOVANNI OSEGUERA; TARA RAMIREZ; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

　　　　COMES NOW Plaintiff, VANESSA JUANITA SALAS, by and through her attorney of record, DAVID T. GLUTH, ESQ., of the law firm of HENNESS & HAIGHT, and for her causes of action against Defendant alleges as follows:

　　　　1.　　That at the time of the incident, Plaintiff, VANESSA JUANITA SALAS was a resident of the County of Clark, State of Nevada.

　　　　2.　　Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant POSTMATES, LLC, (hereinafter referred to as "POSTMATES"), was a foreign limited-liability company, operating and doing business within the State of Nevada, County of Clark.

/ / /

/ / /

1

3. Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant TIMOTHY ALLEN VANDYKE was and is a resident of the County of Clark, State of Nevada.

4. At all times relevant hereto, Defendant TIMOTHY ALLEN VANDYKE was employed by Defendant POSTMATES, LLC and was acting in the course and scope of his employment with POSTMATES, LLC.

5. Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant JOVANNI OSEGUERA was and is a resident of the County of Clark, State of Nevada.

6. Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant TARA RAMIREZ was and is a resident of the County of Clark, State of Nevada, and subject to the provisions of N.R.S. 41.440, *et seq.* also known as "the Family Purpose Doctrine."

7. Upon information and belief, Defendants JOVANNI OSEGUERA and TARA RAMIREZ are immediate family members.

8. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOE EMPLOYEES I through X and DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to employees, independent contractors, subcontractors, suppliers and/or drivers. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of, DOE EMPLOYEES I through X, DOES I through X, and ROE ENTITIES I through X, when the same have been ascertained and to join such Defendants in this action.

9. Such DOES and ROE CORPORATIONS, include, but are not limited to the predecessors and successors in interest of Defendants, and each of them.

10. That Defendants, and each of them, include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the liabilities of Defendants, and each of them.

11. This Court has jurisdiction over Defendants because Defendants were traveling in Clark County, Nevada at the time of the subject collision and the individual Defendants live in Clark County, Nevada. Moreover, all Defendants have had such minimum contacts with the state of Nevada so as to grant this Court jurisdiction over them, whether generally, or as a specific result of the facts giving rise to this complaint. Further, this case involves damages exceeding $15,000.00. Venue is proper, as the subject collision and conduct of Defendant occurred within Clark County in the state of Nevada.

12. That on or about November 6, 2019, Plaintiff VANESSA JUANITA SALAS was a passenger of 2005 Dodge Ram Pickup, driven by Defendant TIMOTHY ALLEN VANDYKE.

13. At said time and place, Defendant TIMOTHY ALLEN VANDYKE was in the course and scope of his employment, partnership, association and/or agency with POSTMATES, LLC.

14. Defendant, TIMOTHY ALLEN VANDYKE, was stopped eastbound on Post Road at Dean Martin Drive at the stop sign waiting to turn north onto Dean Martin Drive.

15. At said place and time, Defendant JOVANNI OSEGUERA was driving a 2007 Lexus ES 350 owned by Defendant TARA RAMIREZ, traveling southbound on Dean Martin Drive.

16. Defendant JOVANNI OSEGUERA was in the number two travel lane approaching Post Road and was traveling over 50 miles per hour.

17. Defendant TIMOTHY ALLEN VANDYKE pulled out from the stop sign and failed to yield the right away causing a collision with the vehicle driven by Defendant, JOVANNI OSEGUERA.

///

3

18. Defendant, JOVANNI OSEGUERA, failed to control the vehicle he was driving by speeding so as to cause and/or contribute to the subject collision.

19. The force of the impact caused TIMOTHY ALLEN VANDYKE's vehicle in which Plaintiff was a passenger in to rotate and eventually roll over.

20. The collision caused Plaintiff to suffer serious and debilitating injuries.

## **FIRST CAUSE OF ACTION**

### **(NEGLIGENCE as to all Defendants)**

21. Plaintiff incorporates by reference the allegations contained in previous paragraphs as though set forth fully herein.

22. Defendant, TIMOTHY ALLEN VANDYKE, owed Plaintiff a duty of reasonable and ordinary care to ensure that his operation of the vehicle was not in a negligent, careless, reckless, or wanton manner.

23. Defendant, TIMOTHY ALLEN VANDYKE, failed to exercise reasonable care while driving and so negligently, carelessly and recklessly controlled the vehicle he was driving when he failed to yield the right of way so as to cause a collision with the vehicle driven by Defendant, JOVANNI OSEGUERA.

24. That Defendant, TIMOTHY ALLEN VANDYKE's breach was the actual and proximate cause of Plaintiff's injuries and damages.

25. That Defendant POSTMATES, LLC are vicariously liable to Plaintiff by virtue of the doctrine of *respondeat superior* in that Defendant, TIMOTHY ALLEN VANDYKE, was acting within the course and scope of his employment and/or agency for Defendant, at all relevant times material to the matter set forth in this action.

26. Defendant, JOVANNI OSEGUERA, owed Plaintiff a duty of reasonable and ordinary care to ensure that his operation of the vehicle was not in a negligent, careless, reckless, or wanton manner.

/ / /

/ / /

4

27. At said time and place, Defendant, JOVANNI OSEGUERA, so negligently, carelessly and recklessly controlled the vehicle he was driving by speeding so as to cause and contribute to the subject collision.

28. That Defendant, JOVANNI OSEGUERA's breach was an actual and proximate cause of Plaintiff's injuries and damages.

29. At said time and place, Defendant, TARA RAMIREZ, had negligently entrusted her vehicle to Defendant, JOVANNI OSEGUERA, knowing of the foreseeable danger of such entrustment, and Defendant TARA RAMIREZ is therefore liable for the negligence of Defendant JOVANNI OSEGUERA.

30. That upon information and belief, Defendant, JOVANNI OSEGEURA, is also an immediate family member of and resides with Defendant, TAMARA RAMIREZ, and was a permissive driver of Defendant, TAMARA RAMIREZ's vehicle.

31. That pursuant to the provisions of N.R.S. 41.440, *et seq.* also known as "the Family Purpose Doctrine," Defendant, TAMARA RAMIREZ, is liable to Plaintiff for damages he has sustained as a result of the subject collision.

32. That the sole and proximate cause of the collision described above was the negligence and carelessness of Defendants, and each of them.

33. Additionally, Defendants, TIMOTHY ALLEN VANDYKE and JOVANNI OSEGUERA, failed to comply with the traffic laws of the State of Nevada as provided by the Nevada Revised Statutes, and that violation was the legal cause of Plaintiff's injuries and Plaintiff was a member of a class designed to be protected by this statute. Therefore, Defendants are negligent *per se* for the rear-end collision under this law.

34. That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff sustained serious injuries all or some of which conditions may be permanent or disabling in nature, causing general and special damages in an amount to be determined at trial, but which are in excess of $15,000.

5

35.     That as a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

36.     That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continue to suffer a significant deterioration in her enjoyment of life and lifestyle.

37.     As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, Plaintiff has had to retain the services of an attorney to prosecute this action and are entitled to reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### (NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION as to Defendant POSTMATES, LLC)

38.     Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

39.     Defendant, POSTMATES, LLC, had a duty to exercise ordinary and reasonable care in screening, hiring, and supervising its employees, contractors, agents, servants, partners, and/or associates, including Defendant TIMOTHY ALLEN VANDYKE, to ensure the foregoing were qualified and suitable to perform their duties in a reasonable safe manner so as to protect others from unreasonable risk of harm.

40.     Defendant, POSTMATES, LLC, is required to provide their employees, contractors, agents, servants, partners, and/or associates with proper supervision and training so as not to cause harm to the public during the course and scope of employment.

41.     Defendant, POSTMATES, LLC, breached their duty by failing to adequately train and/or supervise TIMOTHY ALLEN VANDYKE, resulting in Defendant, TIMOTHY ALLEN VANDYKE's negligent operation of the vehicle, which caused the subject incident to occur.

6

42. The negligence, carelessness and recklessness of Defendant, POSTMATES, LLC, in its hiring, training, supervising, and retention of Defendant, TIMOTHY ALLEN VANDYKE, were the actual and proximate cause of Plaintiff's damages.

43. As a direct and proximate result of the aforementioned negligent acts of Defendant, POSTMATES, LLC, Plaintiff has suffered general and special damages in an amount in excess of $15,000.

44. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered serious injuries all or some of which conditions are permanent and disabling in nature, causing general damage in an amount to be determined at trial, and in excess of $15,000.

45. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, significant medical expenses in an amount to be proven at the time of trial, and in excess of $15,000.

WHEREFORE, Plaintiff, expressly reserves the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demand judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000;
2. Damages for costs of medical care and treatment and costs incidental therein, when the same have been fully ascertained, but upon information and belief are in excess of $15,000;
3. For damages and costs of future medical care and treatment and costs incidental thereto, when the same have been fully ascertained;
4. For pre-judgment and post-judgment interest;

/ / /

/ / /

/ / /

/ / /

7

5. For reasonable attorneys' fees and costs of suit incurred herein; and

DATED this 8th day of October, 2021.

HENNESS & HAIGHT

*/s/ David T. Gluth*
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff*