# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA JUANITA SALAS,<br>    Plaintiff,<br>v.<br>POSTMATES, LLC, et al.,<br>    Defendants. | Case No.: 2:21-cv-02031-JAD-NJK<br>**Order**<br>[Docket No. 36] |

Pending before the Court is the parties' stipulation to stay discovery.[1] Docket No. 36. The parties seek an order staying all discovery between all parties in this matter due to Defendant Timothy Allen Vandyke's bankruptcy filing on May 5, 2022. *Id.* at 5-6; *see also* Docket No. 35 (notice of bankruptcy).

Under federal bankruptcy law, a petition for bankruptcy "operates as a stay [of] the commencement or continuation. . . of a judicial, administrative, or other action or proceeding against the debtor that was … commenced before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(1). The stay is self-executing and effective once the bankruptcy petition is filed. *Griffin v. Wardrobe*, 559 F.3d 932, 934 (9th Cir. 2009). Accordingly, the automatic stay applies to any discovery between Defendant Vandyke and Plaintiff in this action.

All parties, however, attempt to rely on the automatic stay from the bankruptcy proceedings to stay their discovery obligations with one another in this action. Docket No. 36. The parties identify no legal authority to support the extension of the bankruptcy stay to all other parties in this action. Generally, the automatic stay under 11 U.S.C. § 362 only applies to co-Defendants when the claims against the non-debtor co-defendants are brought under an alter ego theory. *See, e.g.*, *Unite Here Health v. Gilbert*, 2014 U.S. Dist. LEXIS 76095, at *24 (D. Nev. June 4, 2014).

---

[1] Although the parties filed their stipulation as a request to extend the discovery deadlines, it is, in reality, a request to stay discovery.

1

There is, however, no alter ego theory at issue in this case. *See* Docket No. 1-1. Accordingly, discovery is not automatically stayed as to discovery between Plaintiff and all other Defendants in this case. Should these parties believe that there are grounds for the Court to grant a stay of discovery, any such request must meaningfully address the proper standards. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Accordingly, for the reasons set forth above, the parties' stipulation is **GRANTED** in part and **DENIED** in part. Docket No. 36. Discovery in this matter is automatically stayed between Defendant Vandyke and Plaintiff. The request to stay discovery between Plaintiff and all other Defendants in this matter is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: June 13, 2022

_____
Nancy J. Koppe
United States Magistrate Judge